In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00395-CV
_____

TIMOTHY CASTILLE AND LESLIE CASTILLE, Appellants

V.

PORT ARTHUR PATROLMEN'S HUNTING CLUB, REAGAN BRAY,
TROY BROUSSARD, CRAIG SHERLOCK, AND LABELLE PROPERTIES
GENERAL LLC, Appellees

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-198,318-A

MEMORANDUM OPINION

Appellants Timothy and Leslie Castille (collectively referred to as "the

Castilles") appeal the trial court's order dismissing their claims against the appellees,

Port Arthur Patrolmen's Hunting Club ("PAPHC"), Reagan Bray, Troy Broussard,

Craig Sherlock, and LaBelle Properties General LLC ("LaBelle"), and granting the

1

appellees' motion to dismiss under the Texas Citizens Participation Act ("TCPA").[1]

We affirm the trial court's order granting the appellees' motion to dismiss under the

TCPA.[2]

Background

In March 2016, PAPHC filed suit against Timothy Castille seeking damages

and a temporary injunction and alleging that Timothy's acts of accessing and

building a structure upon PAPHC's land constitutes a trespass as well as criminal

trespass, having received notice that entry is forbidden.[3] PAPHC alleged that Castille

was trespassing on land that it had leased from LaBelle for hunting, and PAPHC

requested a temporary restraining order and damages. PAPHC included a copy of its

hunting lease and the affidavit of Reagan Bray ("Bray"), a member of the hunting

club, with its petition. On May 20, 2016, the State brought criminal charges against

Timothy based on accounts the appellees gave law enforcement officials concerning

---

[1]We will collectively refer to Port Arthur Patrolmen's Hunting Club, Reagan Bray, Troy Broussard, Craig Sherlock, and LaBelle Properties General LLC as "appellees."

[2]The Legislature amended the TCPA, effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687. The amendment only applies to suits filed after its effective date. *See id.* Therefore, because the Castilles' original suit in intervention was filed before September 1, 2019, the version of the TCPA that was in effect immediately prior to the 2019 amendment applies to this appeal. *See id.*

[3]PAPHC's original petition included another defendant who is not a party to this appeal.

the trespass they were claiming occurred. In June 2016, the trial court entered an agreed order granting a temporary injunction which, among other things, restrained, enjoined, and prohibited Castille from using the cabin-structure "to any degree or amount that exceeds any prior use that preceded this pending controversy, namely use as camp for outdoor recreation." In September 2017, PAPHC dismissed Timothy from its cause of action without prejudice. In April 2018, a jury found Timothy not guilty of trespass in the criminal case.

On May 22, 2018, the Castilles filed an original suit in intervention against PAPHC, Bray, Troy Broussard ("Broussard"), Craig Sherlock ("Sherlock"), and LaBelle, alleging causes of action for malicious criminal prosecution, civil conspiracy, defamation, and loss of consortium. The Castilles alleged that on January 3, 2016, Timothy was driving his airboat across Blind Lake when Broussard confronted Timothy and accused him of trespassing. The Castilles stated that Timothy told Broussard that he should contact the game warden, and that Broussard called Sherlock and the game warden, Stephen Satchfield, and reported that he had caught Timothy trespassing. According to the Castilles, instead of filming the location of the alleged trespass when it occurred, Broussard waited about a week and filmed his stepson on dry ground standing where Broussard claimed the incident had

3

occurred.[4] The Castilles stated that at Satchfield's request, Timothy made a video of the route he had taken when Broussard stopped him, and the Castilles claimed that Satchfield told Timothy that he did not trespass on private property.

The Castilles alleged Broussard and Sherlock gave false testimony claiming they encountered Timothy on non-navigable waters within PAPHC's lease. The Castilles alleged the jury in Timothy's criminal case found him not guilty of trespass, and they alleged the PAPHC, Bray, Broussard, and the LaBelle defendants defamed Timothy and maliciously prosecuted him on a claim based on his alleged trespass.

On August 3, 2018, Sherlock and LaBelle (collectively referred to as the "LaBelle defendants") moved to dismiss the Castilles' intervention relying on provisions that control prompt dismissals under the TCPA. The LaBelle defendants argued that the Castilles' allegations are based on, relate to, or are in response to their respective rights to free speech, to petition, and to associate freely. The LaBelle defendants argued their motion to dismiss should be granted because Timothy could not establish the elements needed to prove his claims by clear and specific evidence. They also argued Leslie's claim for lost consortium should be dismissed since it is

---

[4]The record shows that the 'dry land' where Timothy was accused of trespass is often under water, depending on recent rainfall. It is undisputed that the lake is public property, and anyone can travel across the lake.

derivative of Timothy's claims. The LaBelle defendants requested attorney's fees, expenses, and court costs, as allowed by the TCPA.

On August 13, 2018, Broussard filed a joinder in the LaBelle defendants' motion to dismiss the Castilles' petition in intervention. They incorporated the LaBelle defendants' motion and evidence, and they also asked the court to dismiss Timothy's defamation claim because the statements he had relied on in his petition for that claim were absolutely privileged as judicial communications.[5] Broussard further argued the privilege extends to his alleged defamatory statements he claims were made in the criminal proceedings. On August 21, 2018, PAPHC and Bray joined the LaBelle defendants' motion to dismiss. The LaBelle defendants joined in PAPHC's, Bray's, and Broussard's joinders. The LaBelle defendants argued that any statements Sherlock made during Timothy's criminal trial were absolutely privileged and as such, not statements a civil litigant could rely on to sue for defamation. The LaBelle defendants further argued the statements the Castilles relied on to claim civil conspiracy, malicious prosecution, and loss of consortium were all subject to the judicial communications privilege because those statements were also all made during Timothy's trial.

---

[5]"Communications made during the course of judicial proceedings are privileged." *Bird v. W.C.W.*, 868 S.W.2d 767, 771 (Tex. 1994).

5

In response, the Castilles argued their claims were not based on statements made in judicial proceedings, but on the statements in the videotape in which Broussard can be heard accusing Timothy of criminal trespass together with subsequent statements made by Bray, Sherlock and Broussard incorrectly describing the land PAPHC leased. According to the Castilles, the jury in Timothy's criminal case found Timothy not guilty because the alleged trespass did not occur on private land leased to the PAPHC. The Castilles also argued the LaBelle defendants had not shown the Castilles' claims are based on, relate to, or in response to the LaBelle defendants' exercise of free speech, right to petition, or right of association or that an alleged private trespass on private land constitutes a matter of public concern. According to the Castilles, the statements captured in the video are not protected free speech under the TCPA and they had produced prima facie proof to support each element of their claims.

The Castilles filed a motion to strike PAPHC's, Bray's, and Broussard's motions joining the LaBelle's motion to dismiss. They argued the motions to join were untimely. In August 2018, the trial court heard the various parties' motion to join. During the hearing, Timothy argued the motions were untimely because they were not filed within sixty days of the dates the parties were served. Broussard's counsel argued the evidence was not clear when Broussard was served, that he filed

6

his motion to join on August 13, and the Castilles filed the return of service on August 21. According to Broussard, good cause allowed the trial court to extend the deadline based on the date the Castilles filed the return. Counsel for PAPHC and Bray argued that the trial court could allow them to join the Labelle defendants' request to dismiss since the joinders did not raise substantive arguments any different from those in the Labelle defendants' motion to dismiss. During the hearing, the trial court noted it had discretion and allowed the various parties to join the Labelle defendants' motion.

In support of their motion to dismiss, the LaBelle defendants argued that an allegation regarding a trespass on private property is a matter of public concern that allows the defendants to fully exercise the rights to associate, to petition, and to engage in free speech. The LaBelle defendants argued the District Attorney decided to prosecute Timothy for trespass and determined if probable cause existed to file a criminal case. According to the LaBelle defendants, they did nothing more than comply with the District Attorney's request to assist in the criminal case, suggesting any statements they made in the criminal proceedings were absolutely privileged and could not be considered in ruling on the merits of their motion to dismiss.

The Castilles argued the claims the LaBelle defendants filed against them did not involve a matter of public concern, and that the video, in which Broussard

accused Timothy of criminal trespass in front of his family, was not filmed on PAPHC's lease. The Castilles also claim that Sherlock represented PAPHC's lease included 640 acres when the lease covers only 125 acres. Based on these claims, the Castilles argued Timothy did not trespass on PAPHC's lease and no one could claim otherwise given what was shown in the video. The Castilles also argued they presented prima facie proof to support each element of their claims.

At the conclusion of the hearing, the trial court denied the Castilles' motion to strike the various requests to join the Labelle defendants' motion to dismiss, granted the LaBelle defendants' motion to dismiss as well as the motions joining the motion filed by PAPHC, Bray, and Broussard. The trial court also found the LaBelle defendants' statements were protected by the judicial communications privilege. The trial court signed an order dismissing the Castilles' claims and ordering the Castilles to pay the LaBelle defendants attorney's fees and expenses.

Subsequently, the Castilles filed a notice of appeal, a motion for new trial, and a motion to strike Broussard's request for fees. Broussard asked the trial court to modify its award of attorney's fees and costs. After conducting a hearing, the trial court denied the motion for new trial and awarded attorney's fees and expenses to Broussard.

Standard of Review and Applicable Law

We review de novo a trial court's ruling on a motion to dismiss under the TCPA. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law, and at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002;[6] *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). The TCPA permits a litigant to seek dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association[.]" Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.003(a), 2011 Tex. Gen. Laws 960, 962. The party moving to dismiss under the TCPA bears the initial burden of demonstrating that he has been sued for exercising his First Amendment rights. Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.005(b), 2011 Tex. Gen. Laws 960, 962. Once the moving party establishes that the suit implicates First Amendment rights, the burden shifts to the party bringing

---

[6]We cite to the current version of section 27.002 because it was not affected by the 2019 amendments.

the action, who must then adduce "clear and specific evidence" of a prima facie case as to each element of the claim. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c);[7] *In re Lipsky*, 411 S.W.3d 530, 539-43 (Tex. App.—Fort Worth 2013, orig. proceeding), *mand. denied*, 460 S.W.3d 579 (Tex. 2015). In determining whether the claim should be dismissed, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.006(a), 2011 Tex. Gen. Laws 960, 962. "Under [s]ection 27.006 of the Act, the trial court may consider pleadings as evidence." *Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.). The Supreme Court has noted that "[c]lear and specific evidence is not a recognized evidentiary standard[]" and "[a]lthough it sounds similar to clear and convincing evidence, the phrases are not legally synonymous." *In re Lipsky*, 460 S.W.3d at 589. In addition, the Supreme Court noted that the term "prima facie case" means "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* at 590.

The Supreme Court explained that under the TCPA, general allegations that merely recite the elements of a cause of action will not suffice; rather, "a plaintiff

---

[7]We cite to the current version of section 27.005(c) because the 2019 amendments do not affect this appeal.

must provide enough detail to show the factual basis for its claim." *Id*. at 590-91. Although the TCPA "initially demands more information about the underlying claim, the Act does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Id*. at 591. If the non-movant meets his burden, the movant may still obtain a dismissal by establishing each essential element of a valid defense to the claims. Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, § 2, sec. 27.005(d), 2013 Tex. Gen. Laws 2501, 2501.

Analysis

In issue one, the Castilles complain that Broussard and PAPHC failed to timely file their motions to dismiss and failed to show good cause, and that Bray failed to file a motion to dismiss. According to the Castilles, the trial court erred by allowing Broussard, PAPHC, and Bray to join in the LaBelle defendants' motion to dismiss.

Section 27.003(b) provides that the trial court may extend the time to file a motion to dismiss after the sixty-day deadline upon a showing of good cause. Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.003(b), 2011 Tex. Gen. Laws 960, 962. Accordingly, the trial court has discretion to grant a party leave to file a joint motion to dismiss even though a party has been served more than sixty days before requesting permission from the court to extend the deadline. *See James v.*

*Calkins*, 446 S.W.3d 135, 142 (Tex. App.—Houston [1st Dist.] 2014, pet. denied);

*Schimmel v. McGregor*, 438 S.W.3d 847, 856 (Tex. App.—Houston [1st Dist.] 2014,

pet. denied).

The record shows that during the August 2018 hearing, the trial court considered the joinder motions and the Castilles' argument that the motions were untimely. The trial court heard arguments from Broussard's counsel that there was good cause to extend the deadline, and counsel for PAPHC and Bray argued that the trial court had the discretion to allow the joinders and that the joinder did not include any substantive change with respect to the LaBelle defendants' motion to dismiss. In exercising its statutory discretion to extend the deadline, the trial court granted the joinders, thereby implicitly ruling that PAPHC, Bray, and Broussard had good cause for any alleged delays. *See Schimmel*, 438 S.W.3d at 856. We conclude the trial court did not err by allowing Broussard, PAPHC, and Bray to join in the LaBelle defendants' motion to dismiss. *See James*, 446 S.W.3d at 142. We overrule issue one.

In issue two, the Castilles argue that the appellees failed to meet their burden to show that the TCPA applies to the Castilles' claims. According to the Castilles, the lawsuit arises from the statements in the video, which show Broussard accused Timothy of a trespass. The Castilles conclude that the statements captured in the

12

video do not involve a matter of public concern. Despite the argument the Castilles present in their brief, however, their petition in intervention relied on the statements Broussard, Bray, and Sherlock made during the trial when they asserted the factual basis for the claim of defamation.

The issue of whether the appellees met their burden of establishing that the Castilles' claims related to the exercise of their First Amendment rights is a legal question that we review *de novo* on appeal. *See Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 725 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), *disapproved on other grounds*, *In re Lipsky*, 460 S.W.3d at 587, 591. Under the TCPA, the exercise of the right of free speech is defined as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3).[8] A communication "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).[9] A matter of public concern includes, among other things, an issue related to health or safety, or environmental, economic, or community well-being. Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec.

---

[8]We cite to the current version of section 27.001(3) because it was not affected by the 2019 amendments.

[9]We cite to the current version of section 27.001(1) because it was not affected by the 2019 amendments.

27.001(7), 2011 Tex. Gen. Laws 960, 961. The TCPA does not require the statements to specifically mention health, safety, environmental, economic, or community concerns, and it does not require more than a tangential relationship to the same. *ExxonMobil Pipeline Co.*, 512 S.W.3d at 900. The TCPA only requires that the statements are in connection with the matters of public concern chosen by the Legislature. *Id.* Because the statute does not require that the form of the communication be public, it includes both public and private communications. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015).

Reporting a crime to law enforcement and related judicial proceedings arising from prosecutions are matters of public concern. *Brady v. Klentzman,* 515 S.W.3d 878, 884 (Tex. 2017). Accordingly, we conclude that the statements the Castilles alleged were actionable were all statements made in connection with a matter of public concern. We further conclude that any statements the appellees made to law enforcement officials or members of the District Attorney's Office while they participated in the case the State filed against Broussard for criminal trespass implicated their respective rights to petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(A)(i)[10] (providing that a communication made in or pertaining to a

---

[10]We cite to the current version of section 27.001(4) because it was not affected by the 2019 amendments.

14

judicial proceeding constitutes the exercise of the right to petition); *Beving v. Beadles*, 563 S.W.3d 399, 406 (Tex. App.—Fort Worth 2018, pet. denied); *see also Spencer v. Overpeck*, No. 04-16-00565-CV, 2017 WL 993093, at *4 (Tex. App.—San Antonio Mar. 15, 2017, pet. denied) (mem. op.). Based upon the allegations in the Castilles' petition and the appellees' responses in the motion to dismiss, we conclude the appellees established that the Castilles' claims related to their exercise of First Amendment rights, and that the Castilles' claims fall within the purview of the TCPA. We overrule issue two.

In issue three, the Castilles maintain that they established by clear and specific evidence each essential element of Timothy's claims of malicious prosecution, defamation, and civil conspiracy. We must next determine whether the Castilles did so. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

In their pleadings, the Castilles alleged that Broussard, Sherlock, Bray, and LaBelle defamed Timothy during his criminal trial, and the Castilles alleged that Broussard, Sherlock and Bray knowingly provided false testimony about where the alleged trespass occurred. The Castilles alleged that Broussard falsely accused Timothy of trespassing and then called Sherlock and Satchfield to report the trespass. In his affidavit, Timothy averred that Broussard stopped him while he was boating on Blind Lake and accused him of trespassing on Broussard's property. According

15

to Timothy, the public has the right to be on Blind Lake, and he was not trespassing because he was on navigable public waters when Broussard stopped him.

To prove a civil claim for malicious prosecution, a plaintiff must establish: (1) the commencement of a criminal prosecution against him; (2) initiation or procurement of the action by the defendant; (3) termination of the prosecution in his favor; (4) the plaintiff's innocence; (5) the absence of probable cause; (6) malice in filing the charge; and (7) damages. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006). The elements concerning probable cause and malice guard against the inclination to punish those who, through error but not malevolence, initiate criminal proceedings against a person who is exonerated. *Id.* at 792. The probable cause element asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were initiated. *Richey v. Brookshire Grocery Co.,* 952 S.W.2d 515, 517 (Tex. 1997). In a malicious prosecution action, there is an initial presumption that the defendant acted reasonably and in good faith and had probable cause to initiate the proceedings. *Id.*

If the plaintiff produces evidence that the motives, grounds, beliefs, and other evidence upon which the defendant acted did not constitute probable cause, the presumption disappears, and the burden shifts to the defendant to offer proof of

probable cause. *Id.* at 518. Here, while it is undisputed that the public has the right to be on the lake, the dry ground at issue was owned by the Labelle Properties General LLC and at least arguably, subject to a private lease. Even the Castille's petition states the videotape Broussard made after the event to demonstrate where Broussard claimed trespass had occurred shows Broussard appeared to be claiming Timothy was on dry ground when the trespass occurred. While Broussard may have been mistaken about the exact location and failed to take a photograph or videotape of the trespass the day it occurred, the evidence the Castilles produced fails to show that Broussard did not reasonably believe Timothy's airboat came onto property owned by LaBelle Properties LLC.

Probable cause is measured when the defendant reports the case to the authorities, not later when the case is investigated, tried, or dismissed. *Pettit v. Maxwell*, 509 S.W.3d 542, 547 (Tex. App.—El Paso 2016, no pet.). Because we evaluate probable cause from the perspective of the person who made the report to law enforcement and at the time the report was made, subsequent events that may tend to show whether the act of reporting was correct or incorrect are immaterial to the probable cause evaluation. *See Pettit*, 509 S.W.3d at 548. Because Timothy's criminal prosecution is an event subsequent to Broussard's report, it is immaterial to Broussard's beliefs and motives when he made the report. *See Suberu*, 216 S.W.3d

17

at 795; *see also Pettit,* 509 S.W.3d at 547. Importantly, Timothy's acquittal is not evidence of a lack of probable cause, but only shows that the state did not prove Timothy's guilt beyond a reasonable doubt. *See Suberu*, 216 S.W.3d at 794-95.

Based on our review of the record, we conclude that the Castilles have failed to produce evidence overcoming the presumption that the appellees acted reasonably and in good faith and had probable cause to initiate the criminal trespass charge against Timothy. *See id.*, 216 S.W.3d at 794-95; *Pettit,* 509 S.W.3d at 547. Accordingly, the trial court did not err by concluding that the Castilles failed to establish a prima facie case of malicious prosecution. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *In re Lipsky*, 460 S.W.3d at 590.

Defamation is a false statement made about a plaintiff that is published to a third person without legal excuse and which damages the plaintiff's reputation. *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.). "Slander is orally communicated defamation." *Id.* The elements of a defamation cause of action include (1) the publication of a false statement of fact to a third party; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement; and (4) damages, in some cases. *In re Lipsky*, 460 S.W.3d at 593; *WFAA-TV, Inc. v. McLemore*, 978

S.W.2d 568, 571 (Tex. 1998). Since the judicial communications privilege covered the statements the Castilles relied on in their pleadings, the statements at issue simply cannot form the basis of a prima facie claim based on a theory of defamation. *See James v. Brown*, 637 S.W.2d 914, 916 ("Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made.")

The elements of civil conspiracy are: (1) a combination of two or more people; (2) to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) the plaintiff suffered injury as a proximate result of the wrongful act. *Walker v. Hartman*, 516 S.W.3d 71, 81 (Tex. App.—Beaumont 2017, pet. denied). Liability for a conspiracy comes from the act done to further the conspiracy, not the conspiracy itself. *Id.* The elements of a claim for civil conspiracy require the participation in an underlying intentional tort, and malicious prosecution is an intentional tort. *Id.* The Castilles argue that Sherlock, LaBelle, Broussard, and Bray all participated in the plan to have unlawful criminal trespass charges brought against Timothy. According to the Castilles, Broussard falsely accused Timothy of criminal trespass, reported the trespass to Sherlock, and provided Satchfield with the location of the alleged trespass, and Sherlock represented that the property location belonged

to LaBelle and was leased to PAPHC. We conclude the Castilles failed to present prima facie evidence on their claim alleging civil conspiracy because they did not present prima facie proof to establish the appellees participated in an underlying intentional tort. *See id.* Accordingly, the trial court did not err when it dismissed the Castilles claims for civil conspiracy. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *In re Lipsky*, 460 S.W.3d at 590. We overrule issue three.

In issue five, the Castilles complain that the appellees waived their affirmative defense of judicial communications privilege because they failed to plead it in the court below. Our examination of the record reveals that this defense was both pleaded and argued without objection in the trial court. We overrule issue five.

Because the Castilles failed to establish a prima facie case for each essential element of their claims for malicious prosecution, defamation, and civil conspiracy, we need not address issues four and six, in which the Castilles argue that appellees failed to meet their burden to establish each essential element of any valid defense and maintain that the appellees waived the right to assert any affirmative defenses. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); Tex. R. App. P. 47.1.

We conclude that because the appellees established by a preponderance of the evidence that the Castilles' claims are based on, relate to, or are in response to their exercise of their First Amendment rights, and because the Castilles failed to establish

20

a prima facie case for each essential element of their claims, the trial court properly granted the appellees' motions to dismiss the Castilles' claims under the TCPA. Accordingly, we affirm the trial court's order granting the appellees' motion to dismiss under the TCPA and granting the LaBelle defendants and Broussard attorney's fees and expenses. *See* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.009(a), 2011 Tex. Gen. Laws 960, 962-63 (providing that if the trial court orders dismissal of a legal action, the trial court shall award costs and attorney's fees to the movant).

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 5, 2019
Opinion Delivered April 16, 2020

Before McKeithen, C.J., Kreger and Horton, JJ.

21