**Affirmed in Part, Reversed and Remanded in Part, and Majority Opinion and Concurring and Dissenting Opinion filed December 10, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00579-CV

---

## JUDWIN PROPERTIES, INC., Appellant

## V.

## GARRY LEWIS AND BRENDA GAYLE LEWIS, Appellees

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2018-74667**

---

# CONCURRING AND DISSENTING OPINION

In this interlocutory appeal appellant/plaintiff Judwin Properties, Inc. challenges the trial court's denial of its motion to dismiss under the Texas Citizens Participation Act three counterclaims asserted by appellees/defendants Garry Lewis and Brenda Gayle Lewis (the "Lewis Parties"). The majority concludes that the trial court did not err in denying Judwin's motion to dismiss as to the first and

second counterclaims and that the trial court erred in denying the motion as to the third counterclaim. The court reaches the correct judgment as to the first and third counterclaims, but the court should conclude that the trial court erred in denying the motion to dismiss as to the second counterclaim.

## Factual and Procedural Background

Effective March 19, 2018, Judwin entered into a Commercial Contract-Unimproved Property ("Contract") with Garry Lewis, Brenda Lewis, Cary Goss, and Toni Goss ("Sellers") for the purchase of real property in Harris County, Texas. Judwin sought to purchase the property for development as multi-family housing. The conveyance of the property was subject to restrictive covenants, which included a covenant prohibiting the use of the property for any multi-family or single-family residential purpose. The parties dispute when and how Judwin became aware of this restrictive covenant and whether the Contract required either Judwin or the Sellers to remove the covenant. No one secured a waiver of the restrictive covenant, and on July 2, 2018, the parties signed an amendment terminating the Contract.

Judwin filed suit against the Sellers for alleged misrepresentations regarding the existence of the restrictive covenant prohibiting use of the real property for multi-family or single-family residential purposes. The Lewis Parties filed three counterclaims against Judwin alleging that (1) Judwin breached the Contract by failing in good faith to remove the restrictions against multi-family construction; (2) Judwin breached the Contract by failing to mediate before filing suit; and (3) Judwin breached the Contract by filing suit in violation of a provision in the Contract excepting publicly recorded restrictions from any warranties or representations.

Judwin filed a motion to dismiss the Lewis Parties' counterclaims under the

2

Texas Citizens Participation Act (the "Act"),[1] and then timely supplemented this motion (collectively, the "Motion to Dismiss"). Judwin alleges that the Lewis Parties' counterclaims are legal actions based on Judwin's exercise of free speech and that these counterclaims are related to Judwin's right to petition.

The trial court denied Judwin's Motion to Dismiss and issued findings of fact, which provide that the "legal action was not brought to deter or prevent the moving party from exercising constitutional rights and was not brought for an improper purpose." Judwin timely brought this interlocutory appeal.[2]

Under its third appellate issue, Judwin argues that the Lewis Parties premised their second counterclaim on Judwin's exercise of its right to petition. Under its fourth issue, Judwin asserts that the Lewis Parties did not present clear and specific evidence on each element of their second counterclaim.

## Legal Standard

The Act protects citizens who associate, petition, or speak on matters of public concern from retaliatory lawsuits brought to intimidate or silence them.[3] That protection comes in the form of a special motion to dismiss under section 27.003 of the Act; the ruling on such a motion is subject to expedited review.[4] A defendant who believes that the lawsuit responds to the defendant's valid exercise

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 27.001, *et seq.* (West, Westlaw through 2017 1st C.S.). The Texas Legislature amended the Act in 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684. The 2019 amendments do not apply to this case, which was filed before September 1, 2019. *See id*. §§ 11–12, 2019 Tex. Gen. Laws at 687 (providing that amendments apply to actions filed on or after September 1, 2019). The citations in this opinion are to the version of the Act applicable to today's case.

[2] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (stating that a person may appeal from an interlocutory order that denies a motion to dismiss under section 27.003).

[3] *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018).

[4] *See* Tex. Civ. Prac. & Rem. Code §§ 27.003, 27.008(b) (West, Westlaw through 2017 1st C.S.); *Youngkin*, 546 S.W.3d at 679.

of First Amendment rights may move to dismiss under the Act, and the movant has the initial burden to show "by a preponderance of the evidence" that the plaintiff's claim "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association."[5] If the movant carries this burden, the plaintiff-respondent then must carry the burden to "establish[ ] by clear and specific evidence a prima facie case for each essential element of the claim in question."[6] If the plaintiff does so, the trial court should deny the defendant's motion unless the defendant "establishes by a preponderance of the evidence each essential element of a valid defense to the [plaintiff's] claim."[7] If the defendant makes this showing as to a valid defense, the trial court must dismiss the claim.[8]

### The Act's Applicability to the Second Counterclaim

The Act defines "exercise of the right to petition" to include a wide range of communications, including "a communication in or pertaining to . . . a judicial proceeding."[9] A "communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic."[10] Under the Act's plain text, Judwin's original petition is a communication in or pertaining to a judicial proceeding and thus constitutes Judwin's exercise of the right to petition.[11] The Lewis Parties asserted in their

---

[5] Tex. Civ. Prac. & Rem. Code § 27.005(b); *see Youngkin*, 546 S.W.3d at 679.

[6] Tex. Civ. Prac. & Rem. Code § 27.005(c); *see Youngkin*, 546 S.W.3d at 679.

[7] Tex. Civ. Prac. & Rem. Code § 27.005(d); *see Youngkin*, 546 S.W.3d at 679.

[8] *See* Tex. Civ. Prac. & Rem. Code § 27.005(d).

[9] Tex. Civ. Prac. & Rem. Code § 27.001(4).

[10] Tex. Civ. Prac. & Rem. Code § 27.001(1).

[11] *See* Tex. Civ. Prac. & Rem. Code § 27.001(4); *James v. Calkins*, 446 S.W.3d 135, 147–48 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

second counterclaim that Judwin breached the Contract by filing this lawsuit without first having mediated their claims. The term "legal action" under the Act includes a counterclaim.[12] The Lewis Parties' second counterclaim is related to Judwin's original petition in this case.[13] Thus, the Lewis Parties' second counterclaim is a legal action based on, related to, or in response to Judwin's exercise of the right to petition.[14] The majority concludes that by agreeing to mediate before filing suit, Judwin limited its right to petition and waived its remedies under the Act as to the Lewis Parties' second counterclaim. Presuming, without deciding, that Judwin agreed to mediate before filing suit and thus limited its right to file suit, that agreement would not operate as a waiver of Judwin's right to argue in a future case that a counterclaim against Judwin is a legal action based on, related to, or in response to Judwin's exercise of the right to petition and thus covered by the Act.[15]

### The Lewis Parties' Failure to Establish a Prima Facie Case as to the Second Counterclaim

Because Judwin carried its initial burden under the Act to show that the Lewis Parties' second counterclaim is based on, relates to, or is in response to Judwin's exercise of its right to petition, the burden swung to the Lewis Parties to "establish[ ] by clear and specific evidence a prima facie case for each essential element of the claim[s] in question."[16] A "prima facie case" refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or

---

[12] *See* Tex. Civ. Prac. & Rem. Code § 27.001(6).

[13] *See James*, 446 S.W.3d at 147–48.

[14] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001, 27.003, 27.005; *James*, 446 S.W.3d at 147–48.

[15] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001, 27.003, 27.005; *Mesquite Servs., LLC v. Standard E&S, LLC*, —S.W.3d—,—, 2020 WL 5540189, at *6 (Tex. App.—El Paso Sept. 15, 2020, pet. filed).

[16] Tex. Civ. Prac. & Rem. Code § 27.005(c); *see Youngkin*, 546 S.W.3d at 679.

contradicted.[17]  A prima facie case reflects the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.[18]  The phrase "clear and specific" describes the "clarity and detail required to avoid dismissal" and does not impose a burden of proof higher than the burden required at trial.[19]

As to the second counterclaim, the Lewis Parties must prove (1) the existence of a valid contract; (2) the Lewis Parties' performance or tendered performance; (3) Judwin's breach of the Contract ; and (4) damages the Lewis Parties sustained as a result of the breach.[20]  The Lewis Parties did not submit any proof that they sustained any damage as a result of Judwin's failure to mediate its claims before filing suit.  The Lewis Parties did not establish by clear and specific evidence a prima facie case that they sustained damages as a result of Judwin's alleged breach of its alleged contractual duty to mediate its claims before filing suit.[21]  Therefore, the trial court erred in denying the Motion to Dismiss as to the second counterclaim, and this court should sustain the third and fourth issues as to the second counterclaim.

## Conclusion

This court should reverse the trial court's order to the extent the trial court denied the Motion to Dismiss as to the second counterclaim and remand for further proceedings under the Act.  To the extent the court does not do so, I respectfully dissent. Because I agree with the court's judgment as to the first and third

---

[17] *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015).

[18] *Id*.

[19] *Id*. at 590–91.

[20] *See In re Lipsky*, 460 S.W.3d at 593; *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

[21] *See In re Lipsky*, 460 S.W.3d at 593.

counterclaims, I concur in the judgment as to these claims.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant (Poissant, J., majority).