**Affirmed and Memorandum Opinion filed June 27, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00777-CV
_____

## FLOYD KENNETH BAILEY, JR. AND KENNETH CAMP BAILEY, Appellants

## V.

## ADAM PEAVY AND ADAM PEAVY PC, Appellees

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-06454**

## M E M O R A N D U M   O P I N I O N

Appellees Adam Peavy and Adam Peavy PC (together, "Peavy") sued appellants Floyd Kenneth Bailey, Jr. and Kenneth Camp Bailey (together, the "Baileys"), asserting the Baileys failed to pay certain fees owed under the parties' compensation agreements. The Baileys filed a motion to dismiss under the Texas Citizens Participation Act (the "TCPA") and the motion was denied by operation of law. The Baileys filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem.

Code Ann. § 54.014(a)(12). For the reasons below, we affirm the deemed denial of the Baileys' TCPA motion to dismiss.

## BACKGROUND

In this TCPA appeal, the factual background rests on the allegations in Peavy's original petition.

Peavy and the Baileys are lawyers that worked together pursuing pharmaceutical litigation claims. The parties' relationship began in 2008, when Peavy was brought in to handle claims alleging injuries caused by the antidepressant Paxil. According to Peavy, the parties initially agreed that Peavy would be entitled to a 5% gross recovery payout. After obtaining a "favorable, multi-million dollar verdict," Peavy said the parties executed a joint venture agreement entitling him to an additional 6.66% interest in a small subset of cases set for trial.

The first batch of Paxil cases settled and Peavy was made a non-equity partner in the Baileys' law firm in 2011. According to Peavy, this change in status was accompanied by the promise that he would receive 7% of the profits from subsequent Paxil litigation. In 2013, Peavy was made a named partner in the law firm and entitled to a 10% equity interest in the firm's profits. A new entity was formed in 2015 that included Peavy as a named partner with a 20% equity interest.

Most of the remaining Paxil cases were settled in 2018. According to Peavy, the firm was due to receive approximately $46 million in fees and expenses, but the Baileys "started warning Peavy that there was no money, and that the cases had not been profitable for the firm." Peavy alleges that "the Baileys had already stolen all of the fees and money."

Over the remainder of the year, Peavy asserts that he "began learning of

2

various ways in which the Baileys had defrauded him," including (1) taking out a loan for which the Paxil fees and expenses were pledged; (2) misstating the amount of fees the firm had earned in Paxil litigation, thereby "depriving [Peavy] of compensation that he had earned"; and (3) "personally pocket[ing] almost $20 million each in Mesh settlement fees." Peavy alleged that the Baileys "continued to string [him] along" with promises that he would receive the fees to which he was entitled. But, according to Peavy, the Baileys did not fulfill these promises and instead "cheated him out of the compensation he was owed."

Peavy sued the Baileys in January 2019 and asserted claims for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, statutory fraud, fraudulent transfer, breach of contract, conspiracy, and common-law fraud. The Baileys filed a TCPA motion to dismiss asserting that (1) Peavy's claims were based on the Baileys' exercise of their TCPA-protected rights, and (2) Peavy did not bring forth evidence sufficient to maintain his claims under the TCPA. The motion was denied by operation of law.[1] and the Baileys filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.014(a)(12).

### ANALYSIS

On appeal, the Baileys challenge the denial of their motion to dismiss and assert:

1.    the TCPA applies to Peavy's claims;

2.    Peavy failed to bring forth clear and specific evidence sufficient to establish a prima facie case for each essential element of his claims;

---

[1] In their appellate brief, the Baileys assert that the trial court orally denied the motion to dismiss at a hearing held on October 23, 2020. A reporter's record of this hearing was not included as part of the appellate record. However, as we have previously held, an oral ruling on a TCPA motion to dismiss will not preclude the motion from subsequently being overruled by operation of law. *See Simmons v. Taylor*, 651 S.W.3d 499, 503 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

and

3.  the case should be remanded to the trial court for an award of attorney's fees and sanctions.

Peavy did not file a responsive appellate brief.

Because we conclude the TCPA does not apply to Peavy's claims, we need not address the Baileys' second and third issues.

## I.  Governing Law and Standard of Review

We first address which version of the TCPA is applicable to the present case.  The 2019 act amending the TCPA was passed by the legislature on May 17, 2019, and took effect on September 1, 2019; it applies only to an action filed on or after the effective date of the act.  *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11-12, 2019 Tex. Gen. Laws 684, 687.  Because Peavy filed his original petition on January 28, 2019, we conclude that the September 1, 2019 amendment to the TCPA is not applicable to the present case and the previous version controls. *See id*; *see also Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). Accordingly, our analysis is governed by the pre-amendment version of the TCPA.

The TCPA protects citizens from retaliatory lawsuits that aim to hinder the exercise of First Amendment freedoms.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding).  To further this end, the TCPA establishes a mechanism for the dismissal of legal actions that impede a party's exercise of the right of free speech, the right to petition, or the right of association.  Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131-32 (Tex. 2019).

The TCPA prescribes a three-step process.  First, the burden is on the movant to show by a preponderance of the evidence that the challenged claim "is

4

based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.005(b), 2011 Tex. Gen. Laws 961, 963 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)). Each of these rights is premised on making a "communication," which is defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.001(1), 2011 Tex. Gen. Laws 961, 961 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1)).

If the first step is met, the burden shifts to the nonmovant to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.005(c), 2011 Tex. Gen. Laws 961, 963 (amended 2019). If the nonmovant satisfies this second step, the trial court nonetheless shall dismiss the challenged claim if the movant establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. *Id.*

Whether the parties have met their respective burdens is a question of law we review *de novo*. *Roach v. Ingram*, 557 S.W.3d 203, 217 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Under this standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (internal quotation omitted). We consider the relevant pleadings and any supporting or opposing affidavits "stating the facts on which the liability or defense is based." Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.006(a), 2011 Tex. Gen. Laws 961, 963 (amended 2019) (current

version at Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a)).  We review these materials in the light most favorable to the nonmovant.  *Hieber v. Percheron Holdings, LLC*, 591 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

## II.    Application

The Baileys assert that Peavy's claims implicate their right of free speech, right to petition, and right of association.  We consider these arguments separately.

### A.    Right of Free Speech

An exercise of the right of free speech refers to "a communication made in connection with a matter of public concern."  Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.001(3), 2011 Tex. Gen. Laws 961, 961-62 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3)).  The TCPA defines a "matter of public concern" to include an issue related to (1) health or safety,  (2) environmental,  economic,  or  community  well-being,  (3) the government, (4) a public official or public figure, or (5) a good, product, or service in the marketplace.  Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.001(7), 2011 Tex. Gen. Laws 961, 961-62 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7)).

To be protected, the TCPA does not require that the communication "specifically mention[s]" the matter of public concern.  *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam).  However, the communication must have "public relevance beyond the pecuniary interests of the private parties involved."  *Creative Oil & Gas, LLC*, 591 S.W.3d at 136.  That is, the communication must refer "to matters 'of political, social, or other concern to the community,' as opposed to purely private matters."  *Id*. at 135 (quoting *Brady*

*v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017)).

Here, the Baileys assert that Peavy's claims implicate their right of free speech because the claims related to issues of "services in the marketplace" and "economic well-being." We disagree.

The Texas Supreme Court's opinion in *Creative Oil & Gas* is instructive here. *See* 591 S.W.3d at 129-37. There, an oil and gas lessor sued a lessee and sought a ruling that the parties' lease terminated due to cessation of production. *Id*. at 130. The lessee counterclaimed, alleging that the lessor had breached the lease and falsely told third-party purchasers of production that the lease had expired and payments on the purchases should stop. *Id*. The lessor moved to dismiss the counterclaims under the TCPA, asserting that its statements to third parties about the lease were made in connection with matters of public concern, *i.e.*, a good, product, or service in the marketplace. *Id*.

Rejecting these arguments, the Court held that the lessor's communications with third parties were not covered by the TCPA because they were private business communications concerning a private contract dispute. *Id*. at 134-37. As the Court reasoned, the phrase "good, product, or service in the marketplace" had to be interpreted in light of the common meaning of a "matter of public concern," which "commonly refers to matters of 'political, social, or other concern to the community' as opposed to purely private matters." *Id*. at 135 (quoting *Brady*, 515 S.W.3d at 884). Thus, the communication at issue must "have some relevance to a public audience of potential buyers and sellers" for it to relate to a "matter of public concern." *Id*. Applying this reasoning to the facts of the case, the Court held that, because the alleged communications had "a limited business audience concerning a private contract dispute," they did not relate to a matter of public concern under the TCPA. *Id*. at 136.

The lessor also argued that its statements to third parties were an exercise of its right of free speech because they were made in connection with another matter of public concern: economic well-being. *Id*. at 137. Rejecting this argument, the Court held that "[a] private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words." *Id*.

This court has repeatedly applied *Creative Oil & Gas* and concluded that communications made in the context of private disputes do not invoke the TCPA's right of free speech. *See, e.g.*, *Sampson v. Hill-Wald, LLC*, No. 14-22-00327-CV, 2023 WL 107142, at *1, *3-6 (Tex. App.—Houston [14th Dist.] Jan. 5, 2023, no pet.) (mem. op.) (right of free speech did not include statements to volleyball club's potential employee informing him that the club "had been accused of financial misdealings"); *Booster Fuels, Inc. v. Fuel Husky, LLC*, No. 14-19-00912-CV, 2021 WL 5118486, at *1, *3-5 (Tex. App.—Houston [14th Dist.] Nov. 4, 2021, pet. denied) (mem. op.) (right of free speech did not include alleged communications made in the course of misappropriating trade secrets and attempting to poach company's customers); *TSA-Tex. Surgical Assocs., L.L.P. v. Vargas*, No. 14-19-00135-CV, 2021 WL 729862, at *2 (Tex. App.—Houston [14th Dist.] Feb. 25, 2021, no pet.) (mem. op.) (right of free speech did not include communications "made to a business audience concerning a business dispute among the partners related to [appellee's] withdrawal from the partnership"); *Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118, 123 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (right of free speech did not include "alleged representations about the restaurant's funding [] made to a limited business audience concerning a private contract dispute"); *Judwin Props. Inc. v. Lewis*, 615 S.W.3d 338, 345 (Tex. App.—Houston [14th

Dist.] 2020, no pet.) (right of free speech did not include communications "solely concerned" with the parties' "financial interest in the private real property transaction at issue"); *Navidea Biopharmaceuticals, Inc. v. Cap. Royalty Partners II, L.P.*, No. 14-18-00740-CV, 2020 WL 5087826, at \*5 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. denied) (mem. op.) (concluding that publicly traded company failed to show that amount owed pursuant to a judgment was a matter of public concern for purposes of the TCPA).

Here too, the communications at issue center around a private contract dispute affecting only the pecuniary interests of the parties involved. In his original petition, Peavy alleged that the Baileys misrepresented the fees earned by the parties and misled him with promises that he would receive the compensation he was owed. But rather than addressing "services in the marketplace," these communications are relevant only to "a limited business audience concerning a private contract dispute." *See Creative Oil & Gas, LLC*, 591 S.W.3d at 136. Similarly, because these communications affected only private pecuniary interests, they are not made in connection with economic well-being as that phrase is used in the TCPA. *See id*. at 137.

Moreover, the cases the Baileys cite to support their contention that Peavy's claims implicate their free-speech rights are distinguishable from the facts presented here. *See Gensetix, Inc. v. Baylor Coll. of Med.*, 616 S.W.3d 630, 641-42 (Tex. App.—Houston [14th Dist.] 2020, pet. dism'd) ("[a]t the heart of the dispute" was medical research, a "subject of general interest and of value and concern to the public"); *TN CPA, P.C. v. Nguyen*, No. 14-19-00677-CV, 2020 WL 5415593, at \*2-3 (Tex. App.—Houston [14th Dist.] Sept. 10, 2020, no pet.) (mem. op.) (demand letters accused CPA of engaging in broad fraudulent scheme); *DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 851-52 (Tex. App.—Fort

Worth 2018, no pet.) (communications were "publicly available statements about courts and court-appointed attorneys"); *Deaver v. Desai*, 483 S.W.3d 668, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (communications were online statements that called for attorney's disbarment and asserted that criminal charges should be brought against the attorney's daughter); *Avila v. Larrea*, 394 S.W.3d 646, 655 (Tex. App.—Dallas 2012, pet. denied) (communications made in television broadcast regarding attorney's legal services). Notably, most of the cases cited by the Baileys were decided before *Creative Oil & Gas* clarified what can be considered a matter of public concern for purposes of the TCPA. *See Creative Oil & Gas, LLC*, 591 S.W.3d at 134-37.

For these reasons, we reject the Baileys' argument that Peavy's claims implicate their right of free speech under the TCPA.

## B. Right to Petition

Asserting that Peavy's claims implicate their right to petition, the Baileys advance a two-pronged argument:

1. Peavy's claims are based on, related to, or in response to communications made in connection with an issue under consideration or review (or likely to encourage consideration or review) by a legislative, executive, judicial, or other governmental body.

2. Peavy's claims are based on, related to, or in response to communications made in or pertaining to judicial proceedings or in connection with an issue under consideration or review by a judicial body.

*See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.001(4), 2011 Tex. Gen. Laws 961, 961-62 (amended 2019). We consider these arguments separately.

The Baileys' first argument is premised on filings the parties submitted to the state regarding the governance of their law firms, including a certificate of

formation, certificate of account management, certificate of account statute, Texas franchise tax public information, and other financial filings. The Baileys cite *Enterprise Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 297-98 (Tex. App.—Houston [14th Dist.] 2020, no pet.), to support their contention that these filings demonstrate Peavy's claims are related to communications made in connection with an issue under consideration by a governmental body.

In *Enterprise Crude GP LLC*, the plaintiffs filed claims alleging that the defendants harmed the plaintiffs by building above-ground storage tanks that allegedly prevented the plaintiffs from developing their property. *Id*. at 292-93. The defendants filed a TCPA motion to dismiss, asserting that the plaintiffs' claims implicated their right to petition since the claims were related to the submission of applications for the tanks' building permits.

Concluding that the TCPA applied, the court reasoned that:

> the applications necessarily go hand in hand with the construction process because [the defendants] applied for the construction permits from the City of Sealy and could not have constructed the tanks without the permits. The nuisance and tortious interference claims are predicated on the construction of the additional tanks, and we conclude that those claims at least "have a connection with, refer to, or concern" [the defendants'] permit applications because those communications resulted in the creation of a condition that [plaintiffs] contend is a nuisance and tortiously interfered with their prospective contractual relationships.

*Id*. at 297-98.

But conversely here, the communications at issue in Peavy's claims were not predicated on any approval secured from the state or other governmental body. Unlike the facts in *Enterprise Crude GP LLC*, the parties' filings with the state did not authorize the conduct of which Peavy complains, *i.e.*, the Baileys' alleged misrepresentations regarding fees earned and compensation disbursed. Therefore,

11

*Enterprise Crude GP LLC* does not support extending the TCPA's right of petition to Peavy's claims.

Second, the Baileys assert that Peavy's claims are premised on alleged communications made "either in or pertaining to ongoing judicial proceedings or in connection with an issue under review or consideration by a judicial body." *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.001(4)(C), 2011 Tex. Gen. Laws 961, 961-62 (amended 2019). We disagree.

Although the fees at issue were earned through judicial proceedings, Peavy's claims are premised on communications that occurred outside of those judicial proceedings, namely, the Baileys' representations to Peavy regarding the fees' receipt and disbursement. This fact distinguishes this appeal from the cases cited by the Baileys to support their argument that Peavy's claims implicate their right to petition. *See Brown Sims, P.C. v. L.W. Matteson, Inc.*, 594 S.W.3d 573, 578 (Tex. App.—San Antonio 2019, no pet.) (the plaintiffs' claims alleged that the defendants "committed legal malpractice by failing to include an affirmative defense in the answer they filed"); *Shopoff Advisors, LP v. Atrium Circle, GP*, 596 S.W.3d 894, 905 (Tex. App.—San Antonio 2019, no pet.) (communication at issue was an email informing the bank that it should not release the escrow funds at issue because the party planned to challenge the arbitration award in the trial court); *Mustafa v. Pennington*, No. 03-18-00081-CV, 2019 WL 1782993, at *3 (Tex. App.—Austin April 24, 2019, no pet.) (mem. op.) (communications at issue were "in substance a criticism of [the defense attorney's] communication during the pre-trial proceedings, the trial itself, and the post-trial hearings"); *Ghrist v. MBH Real Estate LLC*, No. 02-17-00411-CV, 2018 WL 3060331, at *4 (Tex. App.—Fort Worth June 21, 2018, no pet.) (mem. op.) (communication was a letter "written about a matter connected with a lawsuit pending in the 17th Judicial District Court

12

of Tarrant County"); *James v. Calkins*, 446 S.W.3d 135, 147-48 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (claims were based on allegations that attorneys "fraudulently claim[ed] that they represent Mary in pleadings filed in various lawsuits"). Unlike the facts presented here, the communications in these cited cases are based on a judicial proceeding or an issue that will be reviewed by a judicial proceeding — not a private arrangement between private parties regarding divvying up compensation.

Therefore, we reject the Baileys' argument that Peavy's claims implicate their right to petition under the TCPA.

## C. Right of Association

Finally, the Baileys assert that Peavy's claims implicate their right of association. An exercise of the right of association includes "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *See* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 27.001(2), 2011 Tex. Gen. Laws 961, 961 (amended 2019).

As we previously have recognized, the TCPA's use of "common interests" requires more than communications made as part of a private transaction. *See Huynh v. Francois-Le*, No. 14-19-00138-CV, 2021 WL 686291, at *4 (Tex. App.—Houston [14th Dist.] Feb. 23, 2021, no pet.) (mem. op.) (collecting cases); *see also Booster Fuels, Inc.*, 2021 WL 5118486, at *7 ("right of association" did not include "communications related to a private business endeavor"); *Republic Tavern & Music Hall*, 618 S.W.3d at 127 ("right of association" did not include "communications concern[ing] only a private transaction between private parties"). Accordingly, the word "common" as used in this context means "'of or relating to a community at large: public.'" *TSA-Tex. Surgical Assocs., L.L.P.*, 2021 WL 729862, at *3 (quoting Webster's Third New Int'l Dictionary 458 (2002)).

As we discussed above, the communications at issue here are between private parties regarding a private financial arrangement. These communications do not relate the community at large but only to the parties' private pecuniary interests. *See TSA-Tex. Surgical Assocs., L.L.P.*, 2021 WL 729862, at \*3. Therefore, Peavy's claims premised on these communications do not invoke "common interests" and do not implicate the Baileys' right of association. *See* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.001(2), 2011 Tex. Gen. Laws 961, 961 (amended 2019); *see also Huynh*, 2021 WL 686291, at \*4.

We reject the Baileys' argument that Peavy's claims are based on their exercise of the right of association. Accordingly, we overrule the arguments raised in the Baileys' first issue. Because of our disposition of this issue, we need not reach the Baileys' second or third issues. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We affirm the deemed denial of the Baileys' TCPA motion to dismiss.


/s/ Meagan Hassan
   Justice


Panel consists of Justices Wise, Spain, and Hassan.

14